[No. 2367.]

## George Wyers *v.* The State.

1. Practice—Jury Law.—Article 3056 of the Revised Statutes, relating to the organization of trial juries, applies as well to criminal as to civil cases. That statute prescribes a certain oath to be administered to the sheriff and his deputies whenever it becomes necessary to summon jurors who have not been selected by the jury commissioners. A disregard of that statute on the part of the trial court necessitates the reversal of this conviction.

2. Same—Evidence.—It is complained that the trial court erred in excluding from evidence the record of marks and brands offered by the defense. *Held* that, even if error in this respect be conceded, the defendant can not be heard to complain, as the fact sought to be established by the record was abundantly established by other evidence in the case.

3. Theft—Charge of the Court—Ownership.—On a trial for cattle theft, the court instructed the jury as follows: "But the law does not

require marks to be recorded, and you will consider the mark of the steer in controversy (if marked), together with all of the evidence (except the brand, if any), in determining the ownership of said steer." *Held,* error. The law *does* require marks to be recorded, but it does not provide, as in the case of brands, that they shall not be evidence of ownership unless recorded; and hence a mark, though unrecorded, is admissible in evidence in proof of ownership, although an unrecorded brand is not. Note, also, that the charge trenches upon the weight of evidence.

APPEAL from the District Court of Falls. Tried below before the Hon. Eugene Williams.

This is the appellant's second appeal from a judgment of conviction for the theft of a steer, the property of S. B. Bryan, in Falls county, Texas, on the twenty-fourth day of June, 1881, his punishment being again assessed at a term of two years in the penitentiary. The evidence adduced upon the two trials was substantially the same, and will be found set out at length in the report of the former appeal, commencing on page 448 of the twenty-first volume of these Reports.

*Oltorf & Harlan,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. It is made to appear by a bill of exceptions reserved by defendant, that in the formation of a jury to try this case, the regular venire of jurymen having been exhausted, the court ordered Barlow, a deputy sheriff, to summons a sufficient number of persons from which to complete the jury, which order said Barlow executed. When the persons so summoned were offered as jurors the defendant challenged them upon the ground that the said officer who summoned them had never had the oath required by law in such cases administered to him. Defendant's challenge was overruled, said persons were selected, sworn and served as jurors in the trial of said cause, the defendant having exhausted his peremptory challenges.

Article 3056 of the Revised Statutes requires that, whenever it may be necessary to summon jurors who have not been selected by jury commissioners, the court shall administer to the sheriff and each of his deputies a certain oath, prescribing said oath. This provision of the statute is applicable to and of equal force in criminal as in civil cases. In Hicks v. The State, 5

Texas Court of Appeals, 488, the precise question was before this court, and it was held that the conviction must be set aside because the trial court had disregarded this plain provision of the statute. That decision was rendered before the adoption of the Revised Statutes, but was based upon substantially the same statutory provisions, to wit, section 12 of the act of August 1, 1876. (General Laws, 15 Leg., p. 80.)

If the decision was good law when rendered, it is good law now, because there has been no change made in the statute which affects the question decided. We still hold to the correctness of that decision. It unquestionably follows the statute, and we could not hold otherwise without disregarding the plain mandate of the law, and without rendering nugatory one of the safe guards of fair and impartial trial by jury. It is an easy thing for courts to comply with this simple requirement of the statute, and when it is not complied with, and the failure to do so is promptly excepted to, as was done in this case, we must hold that the error is such as requires the conviction to be set aside. In signing this bill of exceptions the judge calls our attention to Articles 656 and 658 of the Code of Criminal Procedure. We are unable to perceive that those articles in any way affect the question. They do not, either directly or by implication, dispense with the requirement of Article 3056 of the Revised Statutes, and must be construed in connection with that Article. There is no conflict or lack of harmony in these several provisions of the statute.

Defendant's second bill of exception is not tenable. Even if the record of the bill of sale offered in evidence was improperly rejected, which is not conceded, it was fully supplied by other evidence admitted on the trial. It was clearly proved that defendant owned the WEBB brand as far back as 1880, and this fact was all that he proposed to prove by said record. There is no reason to suppose that defendant's rights were in the least injured by this ruling of the court.

In his charge, the judge instructed the jury that an unrecorded brand was not evidence of ownership, and following this instruction is the following: "But the law does not require marks to be recorded, and you will consider the mark of the steer in controversy (if marked), together with all the evidence (except the brand, if any), in determining the ownership of said steer." This charge was excepted to at the time of the trial, and the exception is well taken. The law *does* require marks to be

*recorded* (Rev. Stat., Art. 4556), but it does not provide, as in the case of brands, that they shall not be evidence of ownership unless recorded. (Rev. Stat. Art. 4561.) Hence a mark, though unrecorded, is admissible in evidence in proof of ownership, though an unrecorded brand is not. (Love v. The State, 15 Texas Ct. App., 563; Coffelt v. The State, 19 Texas Ct. App., 436.)

Another objection made to this charge is that, considering its context, following as it did immediately after the instruction as to an unrecorded brand, and calling the attention of the jury to the particular evidence of the mark of the animal, and instructing them to consider this particular evidence, the jury might be impressed that it was the opinion of the judge that the proof of ownership had been made by proof of the mark. We are not sure that the charge is free from this objection. It borders very closely upon a charge upon the weight of evidence, and might be understood by the jury as an intimation from the judge that the evidence of ownership of the animal was sufficient without considering the brand of said animal. "The spirit of the law requires the judge to avoid even the appearance of an intimation as to the facts, and to so guard the language of his charge that no inference, however remote or obscure, may be drawn by the jury as to the facts in evidence, from the charge as given them." And, we will add, the charge should also be so framed as that it does not give undue prominence to any thing unfavorable to the accused, and does not, even by context or juxtaposition of separate paragraphs, violate the spirit of the law concerning charges. (Stuckey v. The State, 7 Texas Ct. App., 174; Pharr v. The State, Id., 472; Maddox v. The State, 12 Texas Ct. App., 429.)

Because of the errors we have mentioned, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*